# UNITED STATES DISTRICT COURT
## DISTRICT OF CONNECTICUT

UNITED STATES OF AMERICA

    v.                             NO. 3:06cr322 (SRU)

DAVID ZERBE

## RULING ON MOTION TO DISMISS and MOTION IN LIMINE

Defendant David Zerbe has moved to dismiss the indictment in its entirety, alleging that his right to a speedy trial pursuant to the Speedy Trial Act and the Sixth Amendment has been violated and that the government has failed to allege facts sufficient to constitute an offense against the United States in Counts Two and Three of the indictment.  Zerbe additionally moves in limine to prevent the government from introducing "other crimes" evidence at trial pursuant to Federal Rule of Evidence 404(b).  The government contends that the motion to dismiss has no merit because, when the elapsed time has been properly calculated, Zerbe's right to a speedy trial has not been violated and any delay in the start of trial in this case does not violate the Sixth Amendment.  The government next contends that Counts Two and Three of the indictment properly state enough facts to constitute offenses pursuant to 18 U.S.C. § 912.  Finally government argues that the motion in limine should be denied as moot because it does not intend to introduce evidence in its case-in-chief pursuant to Rule 404(b).  For the reasons the follow, both of Zerbe's motions are denied.

## I.      Speedy Trial Claims

Zerbe seeks dismissal of the indictment on the ground that his right to a speedy trial has been violated pursuant to both the Speedy Trial Act and the Sixth Amendment.  I will analyze each claim separately.

A.    <u>Speedy Trial Act</u>

The Speedy Trial Act (the "Act") requires that a criminal defendant be brought to trial within 70 days "from the filing date (and making public) of the information or indictment, or from the date the defendant has appeared before a judicial officer of the court in which such charge is pending, *whichever date last occurs*." 18 U.S.C. § 3161(c)(1) (emphasis added). Furthermore, the 70-day clock begins running on the day *after* a triggering event. *United States v. Nixon*, 779 F.2d 126, 130 (2d Cir. 1985).

Zerbe appears to argue that, because he was arrested eighteen months after being indicted and because his trial is not scheduled to begin until February 2009, the lengthy time frame has unduly prejudiced him and constitutes a violation of his right to a speedy trial. According to the language of section 3161(c)(1), however, the 70-day speedy trial requirement does not begin to run until the *later* of either the date of indictment or his first appearance before a judicial officer of the court. Therefore, because the indictment was filed approximately eighteen months prior to his arrest, the appropriate date from which to calculate the 70-day speedy trial requirement is when Zerbe made his initial appearance before Magistrate Judge William I. Garfinkel on July 23, 2008 (doc. #8). Because the initial appearance is the relevant triggering event, Zerbe's speedy trial clock began running the next day on July 24, 2008.

When calculating the 70-day speedy trial clock, the Act requires the court to exclude, *inter alia*, "[a]ny period of delay resulting from other proceedings concerning the defendant, including but not limited to . . .

> (D) delay resulting from any pretrial motion, from the filing of the motion through the conclusion of the hearing on, or other prompt disposition of, such motion;

* * *

     (H) delay reasonably attributable to any period, not to exceed thirty days, during which any proceeding concerning the defendant is actually under advisement by the court.

18 U.S.C. § 3161(h)(1) [formerly, 18 U.S.C. § 3161(h)(1)(F) & (J)].  Subsection (D), formerly subsection (F), excludes from the 70-day time frame "all time between the filing of a motion and the conclusion of the hearing on that motion, whether or not a delay in holding that hearing is 'reasonably necessary.'" *Henderson v. United States*, 476 U.S. 321, 330 (1986).  Filing a pre-trial motion tolls the speedy trial clock until the earlier of either (1) a ruling on the motion, or (2) 30 days after the final filing or hearing necessary to decide the motion.  *United States v. Glover*, 2008 U.S. Dist. LEXIS 84177, at * 7 (D. Conn. 2008).

     The government contends that only 34 days have elapsed, for purposes of the Speedy Trial Act, between Zerbe's initial appearance and December 1, 2008 when Zerbe filed the pending motion to dismiss.  Based on my own calculations, I find that the government has accurately calculated Zerbe's speedy trial clock.  Specifically, pursuant to section 3161(h)(1)(D), the government properly calculated all the days between the court's ruling on a motion and the next pretrial motion filed by Zerbe and properly excluded all time between the filing of a pretrial motion and its disposition.  In addition, the computation accurately reflects all time periods that I expressly excluded from the speedy trial clock, pursuant to 18 U.S.C. § 3161(h)(8).[1]   A review

---

[1] Zerbe claims that his waiver of his speedy trial rights was not voluntary and made without the assistance of counsel.  Because I made the grant of his motion to continue jury selection – filed through counsel – contingent upon his filing of a waiver of his speedy trial rights, which he signed and filed on August 20, 2008 (doc. #20), that argument is unavailing.

     Finding that the requested continuances were in the best interest of the defendant and outweighed the public interest in a speedy trial, I excluded the following periods from Zerbe's

of the docket reveals that the multiple defense motions filed had the effect of constantly tolling the speedy trial clock.  As a result, because there has been either a pending pretrial motion filed by Zerbe, which has tolled the running of the speedy trial clock, or an express finding by the court excluding specific periods from the speedy trial clock from September 8, 2008 until the present, the speedy trial clock has stopped at 34 days.[2]  Therefore, because the speedy trial clock has not exceeded 70-days from the date of his initial appearance, Zerbe's motion to dismiss the indictment on the basis of a Speedy Trial Act violation must fail.

B.    Sixth Amendment Right to Speedy Trial

Zerbe additionally contends that his Sixth Amendment right to a speedy trial has been violated by the length of time that has elapsed between the date of the alleged criminal conduct, the filing of the indictment, and his scheduled trial date.  Specifically, he contends the government has failed to make a diligent, good faith effort to prosecute him in a timely manner. The government argues that any pre-indictment time period is governed by the statute of limitations, not speedy trial considerations; that despite good faith efforts on the government's

_____

speedy trial clock:

September 11, 2008 to October 9, 2008 (doc. #15)
October 2, 2008 to December 11, 2008 (doc. # 28)
November 3, 2008 to January 8, 2009 (doc. # 53)

[2] Zerbe may take issue with the fact that he never filed a written waiver of his speedy trial rights in response to the court's grant of his motion to continue jury selection (doc. #41), which was made contingent upon such a filing.  However, it was the grant of Zerbe's motion to continue that was made contingent upon such a filing, not my findings that the period from October 2, 2008 to December 11, 2008 should be excluded from the speedy trial clock.  In any event, because one or more defense pretrial motions has been pending continuously from September 8, 2008 until the present, my order excluding that period from the speedy trial clock is immaterial because the speedy trial clock has been tolled pending resolution of those pretrial motions and other court findings that exclude time within that same period.

-4-

part, Zerbe could not be located after he was indicted in December 2006; and finally, that any delay between his arrest and scheduled trial date is fully attributable to Zerbe's own motions to continue because the government has not sought any extensions of time.

The Sixth Amendment provides that "[i]n all criminal prosecutions, the accused shall enjoy the right to a speedy and public trial." U.S. Const. amend. VI. The Supreme Court has identified the following factors to consider when evaluating a defendant's claim that his or her Sixth Amendment right to a speedy trial has been violated: (1) the length of the delay; (2) the reason for the delay; (3) the defendant's assertion of the right to a speedy trial; and (4) the prejudice caused by the delay. *Barker v. Wingo*, 407 U.S. 514, 530 (1972). None of those factors are, on their own, "either necessary or sufficient" to establish a violation of the defendant's right to a speedy trial. *Davis v. Kelly*, 316 F.3d 125, 127 (2d Cir. 2003) (quoting *Barker*, 407 U.S. at 533). Rather, they are related factors that must be considered in conjunction with other relevant circumstances. *Id.*

1.      *Length of Delay*

The government concedes that the eighteen-month delay between indictment and arrest is lengthy enough to be "presumptively prejudicial," thus necessitating this court's consideration of the three other *Barker* factors. *See Doggett v. United States*, 505 U.S. 647, 652 n.1 (1992).

2.      *Reason for Delay*

The government contends that Zerbe bears some responsibility for the delay between indictment and arrest because he was "relatively transient" from December 2006 through his arrest in June 2008. According to the government, its agents undertook a diligent, good faith effort that was hindered by Zerbe's mobility throughout that time frame. Zerbe claims that the

resources of the government should have been sufficient to find him through use of U.S. Postal

Service, Social Security Administration, Department of Motor Vehicles, FBI, or IRS records and

that he lived at a series of known addresses from July 2002 to the present.

"The government has a constitutional duty to make a diligent, good faith effort to bring a

defendant to trial promptly."  *United States v. Blanco*, 861 F.2d 773, 778 (2d Cir. 1988).

However, "[a] defendant's claim that the government violated her right to a speedy trial is

seriously undermined when the defendant, and not the government, is the cause of the delay."  *Id.*

> a.      Pre-Indictment Period

As a threshold matter, the pre-indictment time period is irrelevant for purposes of Zerbe's

Sixth Amendment claim.  The protections afforded by the Sixth Amendment are only triggered

once a defendant has been formally indicted or placed under arrest.  *United States v. Lovasco*,

431 U.S. 783, 788-89 (1977) (noting that a lengthy pre-indictment period is not relevant for Sixth

Amendment purposes because "only a formal indictment or information or else the actual

restraints imposed by arrest and holding to answer a criminal charge engage the particular

protections of that provision") (internal quotation and alteration omitted).

The Fifth Amendment's Due Process Clause provides Zerbe's only avenue for relief

regarding his claims of undue delay in the pre-indictment period.  *Id.* at 789.  Where the

government brings an indictment within the period permitted by the statute of limitations, it is

owed a "strong presumption of validity," that can be overcome only by demonstrating:  (1)

substantial prejudice to the defendant's ability to present his defense, and (2) the government

intentionally delayed making an indictment in order to gain an unfair tactical advantage.  *United

States v. Corneille*, 171 F.3d 748, 752 (2d Cir. 1999).  The defendant has a "heavy burden" of

proof to overcome a timely filed indictment's presumption of validity.

The indictment against Zerbe was filed within the requisite five-year statute of limitations. 18 U.S.C. § 3282(a). Zerbe has not offered any credible allegations that he was substantially prejudiced by the four-year period between the alleged criminal conduct and the subsequent indictment or what, if any, unfair tactical advantage the government was seeking by delaying indictment. Therefore, to the extent that Zerbe seeks to dismiss the indictment on the basis of pre-indictment delay, those claims must fail.

b.      Post-Indictment Period

Although Zerbe has presented a timeline of his whereabouts from December 2006 to July 2008, for most of that period he appears to have lived outside this District and, in addition, there are unaccounted-for periods of time and at least one internal inconsistency. For instance, Zerbe has not listed any address for March 2007 and for September to October 2007. Furthermore, Zerbe was arrested in California in June 2008, yet according to his own timeline, he was residing in Connecticut at that time. Without crediting either party's explanation for Zerbe's movements during the relevant time period, I find that Zerbe's own account of his whereabouts is vague enough that the length of time needed to locate and arrest him was not unreasonable. Because the reason for the delay was not unwarranted and owing in no small part to Zerbe's undocumented whereabouts, this factor weighs against a finding of unconstitutional delay.

Finally, any post-arrest, pre-trial delays can be attributed solely to Zerbe's numerous motions to continue jury selection and trial; the government has not sought any motions to continue. To the extent that Zerbe claims that his Sixth Amendment right to a speedy trial was violated due to any delays in proceeding to trial following his arrest, those claims must fail as he

-7-

is the primary reason for any post-arrest delays.

      C.      <u>Zerbe's Assertion of His Right to Trial</u>

Where the defendant seeks or benefits from a delay in proceeding to trial, it will militate against a finding that the defendant's Sixth Amendment right to a speedy trial has been violated. *See, e.g.*, *United States v. Lagasse*, 269 Fed. Appx. 87, 89 (2d Cir. 2008) (rejecting the defendant's Sixth Amendment speedy trial claim "as there were a variety of reasons for pretrial delay, not least of which was [the defendant's] decision twice to discharge his counsel"); *United States v. Abad*, 514 F.3d 271, 275 (2d Cir. 2008) (finding the third factor militated against the defendant where he raised his speedy trial right "opportunistically, . . . when it suited his interests but not when the delay benefitted him"); *United States v. Anderson*, 902 F.2d 1105, 1110 (2d Cir. 1990) (rejecting defendant's speedy trial claim because "[t]he record indicate[d] that defense counsel agreed to delays and continuances for purposes of plea negotiations, and also refused to go to trial on April 20, despite the judge's readiness to do so").

Originally scheduled to begin in September 2008, Zerbe's trial has been moved back several times to accommodate his two requests to change defense counsel and defense counsel's needs to prepare for trial.  Having sought the changes that caused the delays in proceeding to trial in the first place, Zerbe cannot now assert a claim that his Sixth Amendment right to a speedy trial has been violated on the basis of those delays.

      D.      <u>Prejudice Caused by the Delay</u>

"Although a showing of prejudice is not a prerequisite to finding a sixth amendment violation, courts generally have been reluctant to find a speedy trial violation in the absence of genuine prejudice." *United States v. Jones*, 129 F.3d 718, 724 (2d Cir. 1997) (internal quotation

omitted).  *See also United States v. Williams*, 372 F.3d 96, 113 (2d Cir. 2004) (rejecting as insufficient defendant's claim he had been prejudiced by a delay in proceeding to trial because "'[w]itnesses have disappeared; recollections are dim; and the investigation is impaired'").

Zerbe has not asserted a credible claim of prejudice, instead relying on nonspecific allegations that he has been harmed by the delay because he has had to "look[] over his shoulder in the years following the Government's allegations of criminal conduct."  Def.'s Motion to Dismiss at 4 (doc. #62).  Absent concrete allegations detailing how the delay in proceeding to trial has prejudiced him, this factor weighs against Zerbe's claim that his right to a speedy trial has been violated.

Having considered all the relevant *Barker* factors, I conclude that they weigh against a finding of unconstitutional delay.  Zerbe's claim arises out of delays that are either of his own choosing, having sought numerous post-arrest continuances, or were reasonable in light of Zerbe's admittedly unknown and/or frequently changing whereabouts during the post-indictment, pre-arrest period.  Accordingly, those delays do not support a claim that Zerbe's Sixth Amendment right to a speedy trial has been violated.

## II.    Sufficiency of Counts Two and Three

Zerbe next moves to dismiss Counts Two and Three of the indictment, arguing that they fail to state a necessary element of the criminal offense of impersonating a federal officer, namely an overt act that is separate from the false pretense.  The government contends that Counts Two and Three state sufficient factual allegations to withstand Zerbe's motion to dismiss.

Federal Rule of Criminal Procedure 7(c) provides that an indictment must be "a plain, concise, and definite written statement of the essential facts constituting the offense charged."

An indictment will survive a defendant's motion to dismiss on insufficiency grounds where it "charges a crime with sufficient precision to inform the defendant of the charges he must meet and with enough detail that he may plead double jeopardy in a future prosecution based on the same set of events." *United States v. Yannotti*, 541 F.3d 112, 127 (2d Cir. 2008) (internal quotation omitted). "Moreover, an indictment need do little more than to track the language of the statute charged and state the time and place (in approximate terms) of the alleged crime." *Id.*

When assessing the indictment's sufficiency, I must assume the truth of all the allegations contained therein. *United States v. Mango*, 199 F.3d 85, 89 (2d Cir. 1999).

Counts Two and Three charge Zerbe with committing the criminal offense of impersonating a federal officer in violation of 18 U.S.C. § 912. Section 912 states in relevant part:

> Whoever falsely assumes or pretends to be an officer or employee acting under the authority of the United States or any department, agency or officer thereof, and acts as such . . . shall be fined under this title or imprisoned not more than three years, or both.

To establish a violation of the criminal offense of impersonating a federal officer or employee, the government must prove that the defendant both: (1) pretended to be a federal officer or employee, and (2) acted pursuant to that false or assumed authority, i.e., that he committed an overt act.[3] *United States v. Bakhtiari*, 913 F.2d 1053, 1059 (2d Cir. 1990). Merely alleging that

---

[3] The government is not charging Zerbe with a violation of the second impersonation offense contained in section 912, which prohibits pretending to be a federal officer or employee and "in such pretended character demand[ing] or obtain[ing] any money, paper, document or thing of value." 18 U.S.C. § 912; *United States v. Kimberlin*, 781 F.2d 1247, 1250 (7th Cir. 1985) ("These offenses are: 1) the false impersonation of a federal official coupled with an overt act in conformity with the pretense (offense 1); and, 2) the false impersonation of a federal official coupled with the demanding or obtaining of an item of value (offense 2).").

the defendant falsely impersonated a federal officer or employee is not enough. *United States v. Harmon*, 496 F.2d 20, 21 (2d Cir. 1974). In *Harmon*, the Second Circuit explicitly rejected the government's argument that allegations of the false pretense itself were sufficient to establish both elements of the crime. *Id.* ("If mere pretense sufficed to allege a violation of § 912, then the language of the statute, which plainly requires not only that the accused falsely personate an officer but also that he 'act as such,' would be mere surplusage.").

Zerbe correctly notes that there is some dispute regarding the *type* of overt act that is required to properly state a violation of section 912. Although some courts have accepted as sufficient factual allegations that the defendant committed an overt act that was merely in keeping with the false identity, others have required that the indictment allege that a defendant actually asserted the authority of the federal officer or employee whom the defendant claimed to be. For instance, in *United States v. Rosser*, 528 F.2d 652, 656-57 (D.C. Cir. 1976), the D.C. Circuit adopted the more stringent rule, stating that an "overt act" must go beyond "merely an act in keeping with the falsely assumed character" to mean "performing an overt act that asserts, implicitly or explicitly, authority that the impersonator claims to have by virtue of the office he pretends to hold." The Eleventh Circuit in *United States v. Gayle*, 967 F.2d 483 (11th Cir. 1992), however, rejected the D.C. Circuit's rule in *Rosser*, holding that "an indictment is sufficient to satisfy the 'acts as such' language if it 'alleges any overt act consistent with the assumed character.'" *Id.* at 488 (quoting *United States v. Cohen*, 631 F.2d 1223, 1224 (5th Cir. 1980)). The Eleventh Circuit's interpretation of section 912 appears to be more in line with the Supreme Court's holding in *United States v. Lepowitch*, 318 U.S. 702, 704 (1943), which held that "[g]overnment officials are impersonated by any persons who assume to act in the pretended

character" and that "[t]he most general allegation of impersonation of a government official, therefore, sufficiently charges this element of the offense."

Count Two, on its face, satisfies either standard because it alleges that Zerbe not only falsely impersonated a federal officer or employee, but that he also acted to assert the authority of the officer or employee whom he was allegedly claiming to be.  Specifically, Count Two contains factual allegations that Zerbe: (1) falsely impersonated a U.S. Department of Labor Compliance Officer on October 23, 2002, and (2) utilized that false identity to influence the outcome of a proceeding before the Connecticut Commission on Human Rights and Opportunities.  Indictment at 1-2.  Count Three's factual allegations meet the lower Eleventh Circuit standard, which I hold to be sufficient to withstand Zerbe's motion dismiss.  Count Three alleges that Zerbe (1) falsely impersonated an officer or employee of the U.S. Department of Labor on November 14, 2002, and (2) falsely stated that he was an undercover Department of Labor official investigating a complaint.  *Id.* at 2.  Count Three satisfies the overt act requirement by alleging an act that is consistent with the assumed character.  Accordingly, the language of the indictment in Counts Two and Three sufficiently states alleged criminal offenses pursuant to section 912 and, therefore, to the extent that Zerbe seeks to dismiss Counts Two and Three for reasons of insufficiency, his motion is denied.

## III.    Motion in Limine

Finally, Zerbe seeks to prohibit the government from introducing evidence of alleged prior bad acts and/or uncharged criminal conduct as part of its case-in-chief as inadmissible character evidence under Federal Rule of Evidence 404(b).  Because the government has represented that it does not intend to offer any such evidence in its case-in-chief pursuant to Rule

404(b), Zerbe's motion in limine is denied as moot.

## IV.     Conclusion

For the foregoing reasons, Zerbe's motion to dismiss and motion in limine (**doc. #62**) are

**DENIED**.

It is so ordered.

Dated at Bridgeport, Connecticut, this 6th day of January 2009.

/s/ Stefan R. Underhill_____
                    Stefan R. Underhill
                    United States District Judge

-13-